

# The Attorney General of Texas

May 1, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James B. Bond, Chancellor
Texas A&M University System
College Station, Texas 77843

Opinion No. MW-176

Re: Validity of an appropriations rider decreasing the general revenue appropriation to the Texas Agricultural Extension Service to offset increases in federal funds.

Dear Mr. Bond:

You have requested our opinion regarding the validity of an appropriations rider decreasing the general revenue appropriation to the Texas Agricultural Extension Service to offset increases in federal funds. The rider provides:

> In the event that the Texas Agricultural Extension Service receives Federal funds in excess of that estimated above, the General Revenue appropriation shall be reduced by an amount equal to the excess.

1979 General Appropriations Act, at IV-56. You suggest that the rider is void (1) as an attempt to amend general law; and (2) as conflicting with federal law.

The Texas Agricultural Extension Service was created by House Concurrent Resolution No. 2, Acts 1915, 34th Leg., at 273, which authorized Texas A&M College

> ... to receive the grants of money appropriated under said [federal] Act, and to authorize and conduct agricultural extension work which shall be carried on in connection with the A.&M. College of Texas in accordance with the terms and conditions expressed in the Act of Congress aforesaid.

A rider is valid so long as it merely limits or restricts the expenditure of appropriated funds. Attorney General Opinions H-351 (1974); M-1199 (1972); V-1254, V-1253 (1951). In our opinion, the rider at issue here does not in any

way attempt to amend House Concurrent Resolution No. 2.  Its effect is merely to limit or restrict the expenditure of appropriated funds.

Although Congress could easily have conditioned a state's receipt of funds under the Smith-Lever Act, 7 U.S.C. § 341, et seq., upon that state's maintaining its funding at previous levels, Congress has not done so.  The only expression of Congressional intent in this regard has appeared in the conferees' reports for various Smith-Lever Act appropriations.  See, e.g., Cong. Rec. H-9673 (October 24, 1979).  A mere expression of the conferees' intent is not sufficient to thwart the clear intent of the Texas Legislature in adopting the rider under discussion.  We hold therefore that an appropriations rider which decreases the general revenue appropriation to the Texas Agricultural Extension Service to offset increases in federal funds is not invalid.

## S U M M A R Y

An appropriations rider which decreases the general revenue appropriation to the Texas Agricultural Extension Service to offset increases in federal funds is not invalid as an attempt to amend general law or as conflicting with federal law.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Charles Maddox
Bruce Youngblood